IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TINA MULLINAX et al; | ) | |
| Plaintiffs; | ) ) ) | |
| v. | ) ) | No. 3:18-cv-00002 |
| SEVIER COUNTY et al, | ) ) | |
| Defendants. | ) ) | Jury Trial Demanded |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Plaintiffs would demonstrate that Defendants Gregg and O'Connor must be held to the same standard as law enforcement under Section 1983 for the reasons below.

In *Judd v. City of Baxter, Tenn, et al.,*[1] the Sixth Circuit squarely addressed application of qualified immunity to a paramedic who had been sued for excessive force. As in the present case, *Judd* involved an excessive force claim against a paramedic who was not rendering or attempting to render medical treatment. The facts were that plaintiff Freddie Judd was home when he was informed the store he worked at was on fire.[2] On arrival Judd saw firefighters trying to force open a locked door. Judd approached a police officer to give her his keys when, without warning the officer threw him in the gravel. Then defendant Robert Haney, a paramedic, "pounced on him, sticking his knee in [Judd's] back."[3] Haney beat Judd repeatedly in the back and possibly caused Judd's broken elbow.[4] In considering the denial of qualified immunity for the excessive force claim against paramedic Haney the court held "**paramedics who act in a law enforcement**

---

[1] No. 18-5748.
[2] *Id*.
[3] *Id*.
[4] *Id*.

1

**capacity are held to the same standard as police officers**."[5] The court noted multiple cases out of the Sixth Circuit holding "kneeing and/or jumping on top of a subdued subject constitutes excessive force."[6]

In *Andrews v. Hickman County., Tenn.,*[7] the Sixth Circuit determined that even "[s]ocial workers are held to the same Fourth Amendment search and seizure standards as police officers."[8] Significantly, the court reasoned:

> [T]he Supreme Court has established that the Fourth Amendment's restrictions on unreasonable searches and seizures extend well beyond the police:
>
> The Court has long spoken of the Fourth Amendment's strictures as restraints imposed upon "governmental action"—that is, "upon the activities of sovereign authority." Accordingly, we have held the Fourth Amendment applicable to the activities of civil as well as criminal authorities.... Because the individual's interest in privacy and personal security "suffers whether the government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards," it would be anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior.[9]

Thus, it is clear that Defendants Gregg and O'Connor must be held to the same standard as law enforcement under Section 1983 unreasonable seizure and excessive force analysis.

It is undisputed that Defendants Gregg and O'Connor were not attempting to render medical treatment, but acted in a law enforcement capacity by assisting Defendant Johnson in subduing, restraining, and threatening deadly force against Plaintiffs Brian and Tina Mullinax. Pursuant to *Judd*[10] and *Hickman*[11] (and as correctly urged by Defense counsel[12]) Gregg and O'Connor must be held to the same standard as law enforcement.

---

[5] *Id.* (emphasis added).
[6] *Id.*
[7] 700 F.3d 845 (6th Cir. 2012).
[8] *Id.* at 863.
[9] *Id.* at 858-9 (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 335 (1985) (internal citations omitted)).
[10] No. 18-5748.
[11] 700 F.3d 845.
[12] *See* Doc. 49 at 10; and *see* Doc. 104 at 12.

In the seconds leading up to involvement of Defendants Gregg and O'Connor, "Tina Mullinax was seated on the ground and not engaged in any resistance."[13] Defendant Gregg then rolled Tina over on the ground and restrained her while Johnson handcuffed her.[14] Gregg is seen on video holding Tina down with his knee to her back between her shoulder blades and holding her right arm at her wrist over her head. O'Connor is seen kneeling on Tina's calf and holding her down by clutching the waistband of her pants. A reasonable officer would understand that forcibly holding down a face-down detainee or striking her while restrained amounts to a constitutional violation,[15] and the same standard applies to Defendants Gregg and O'Connor.

O'Connor's acts of aiming Johnson's weapon at Brian Mullinax, yelling a series of expletives, ordering Brian to "get back inside," and ordering Brian not to move constituted excessive force and unreasonable seizure under the Fourth Amendment.[16] O'Connor must be held to the same standard as police officers, since he was acting in a law enforcement capacity. When considering whether an officer has acted reasonably, the court analyzes the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[17] In the present case Brian Mullinax merely took out his phone and recorded a video. Brian had committed no crime, posed no threat to the safety of anyone, and clearly was not resisting or evading arrest as he lay face down on the ground.[18]

---

[13] Doc. 104 at 12; and see Doc. 49-2.
[14] Id.
[15] Doc. 104 at 14 (citing *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010) ("[S]triking a neutralized suspect who is secured by handcuffs is objectively unreasonable."); *Champion v. Outlook Nashville Inc.*, 380 F.3d 893, 903 (6th Cir. 2004) ("[I]t [is] also clearly established that putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued and/or incapacitated constitutes excessive force.")).
[16] Doc. 49-2.
[17] *Graham v. Connor*, 490 U.S. 386, 396 (1989).
[18] Doc. 49-2.

Respectfully submitted this 3rd day of September, 2020,

By: s/ Cameron D. Bell
Cameron D. Bell, BPR # 027772
800 S. Gay Street, Suite 1950
Knoxville, TN 37929

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September, 2020, a copy of the foregoing Brief was filed electronically and served on all parties via operation of the Court's electronic filing system.

s/ Cameron D. Bell
Cameron D. Bell